IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. IGARTÚA, et al.,

       Plaintiffs

         v.

PEDRO TOLEDO, et al.,

       Defendants

CIVIL NO. 09-1923 (JP)

## OPINION AND ORDER

Before the Court is Defendants' partial motion to dismiss (**No. 15**). Said motion is unopposed. Plaintiffs brought this lawsuit against Defendants pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983") alleging violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion is hereby **GRANTED.**

## I.   FACTUAL ALLEGATIONS

Plaintiffs in this case are Carmen Igartúa ("Igartúa") and Paul Preston ("Preston"). Plaintiffs allege that, on or about September 15, 2008, Defendants Carlos Sánchez-Peña, Jorge Padilla-Ramos, Juan Pacheco-Santiago, Luz Torres-González, Blanca Román-Correa, and Juan Colón-Ríos illegally entered their home. While at said home, the above mentioned Defendants, who are all police officers, allegedly assaulted and battered Igartúa. They

CIVIL NO. 09-1923 (JP)          -2-

allegedly punched, kicked and beat Igartúa with their nightsticks, and also failed to intercede in the attack on Igartúa.  Plaintiffs also claim that Defendants adhere to a code of silence whereby if asked about the incident Defendants will lie about what occurred. Defendants later submitted false accusations against Plaintiffs and arrested them.  Plaintiffs also claim that there are policies, customs, practices and usages within the police department which led to the harm suffered by Plaintiffs.

    Plaintiffs then filed the instant complaint on September 13, 2009 against Defendants in their individual capacities.

## II.   LEGAL STANDARD FOR A MOTION TO DISMISS

    According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct.

CIVIL NO. 09-1923 (JP)          -3-

at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

## III. <u>ANALYSIS</u>

Defendants move for the Court to dismiss Plaintiffs' Fifth Amendment, Fourteenth Amendment, Conspiracy and Supervisory liability claims.  The Court will now consider Defendants' arguments.

### A.  <u>Fifth Amendment Claims</u>

In the instant case, Plaintiffs bring a due process claim under the Fifth Amendment of the United States Constitution. Defendants move to dismiss said claim because the Fifth Amendment only applies to actions of the federal government and the Plaintiffs' claims do not relate to the federal government.

The First Circuit has stated that "one or another or both of the Constitution's two due process clauses (that in the Fifth Amendment and that in the Fourteenth) apply to Puerto Rico[.]"  <u>Tenoco Oil, Co., Inc. v. Department of Consumer Affairs</u>, 876 F.2d 1013, 1017 n.9 (1st Cir. 1989).  However, more recently, the First Circuit has taken the analytical approach of construing the actions of the Puerto Rico government as actions of a state, which are therefore subject to constitutional limitations via the Fourteenth Amendment. <u>Martínez-Rivera v. Sánchez-Ramos</u>, 498 F.3d 3, 8-9 (1st Cir. 2007) (finding in case involving Puerto Rico government actors that "[a]s

CIVIL NO. 09-1923 (JP)            -4-

plaintiffs do not allege that any of the defendants are federal actors, any Fifth Amendment claim was properly dismissed[]").

In light of the more recent First Circuit law applying Fourteenth Amendment analysis to constitutional claims alleging action attributable to the Commonwealth of Puerto Rico, the Court will follow this approach.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' Fifth Amendment claims.

B.    **<u>Fourteenth Amendment Claims</u>**

In their complaint, Plaintiffs claim that Defendants deprived Plaintiffs of their due process rights under the Fourteenth Amendment.  Defendants respond that the complaint alleges that Defendants engaged in excessive force and, as such, the proper claim would be under the Fourth Amendment and not the Fourteenth Amendment.[1]

After examining the complaint and taking all of Plaintiffs allegations as true, the Court agrees with Defendants that Plaintiffs are alleging an excessive force claim.  As such, Plaintiffs are invoking the protections of the Fourth Amendment and not the Fourteenth Amendment.  <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989); <u>Estate of Bennett v. Wainwright</u>, 548 F.3d 155, 163

---

1.    In the instant case, Plaintiffs are asserting violations of their Fourth Amendment rights and Defendants have not filed a motion to dismiss as to said Fourth Amendment claims.

CIVIL NO. 09-1923 (JP)            -5-

(1st Cir. 2008).  Accordingly, the Court **GRANTS** the motion to dismiss the Fourteenth Amendment claims.

### C.   Conspiracy Claim

Plaintiffs also allege that Defendants entered into a conspiracy to engage in a course of conduct that violated Plaintiffs' civil rights.  Defendants argue that such conclusory allegations do not comply with the mandate of <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).

In <u>Twombly</u>, the United States Supreme Court explained that in order for plaintiffs to meet their obligation of providing the grounds for entitlement to relief, plaintiffs cannot rely on "labels and conclusions, and" cannot just engage in "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 127 S. Ct. at 1964-65.

After examining the complaint, the Court finds that Plaintiffs have not met the standard established in <u>Twombly</u> when pleading their conspiracy claim.  In their complaint, Plaintiffs simply conclude that there was a conspiracy without providing any factual allegations to support said conclusion.  The facts provided by Plaintiffs are the details of the alleged attack on Igartúa.  No facts are presented which would support a finding of a conspiracy.  As such, the Court **GRANTS** Defendants' motion to dismiss the conspiracy claims.

CIVIL NO. 09-1923 (JP)          -6-

### D.  **Supervisory Liability Claim**

Plaintiffs allege that within the Puerto Rico Police Department there are practices and customs which have lead to the constitutional violations claimed by them.  Said practices and customs include a code of silence and a failure by the Internal Affairs Division to welcome complaints by citizens against officers. As such, they brought supervisory liability claims against Defendant Pedro Toledo.

Under Section 1983, supervisory liability cannot be based on a respondeat superior theory, but instead it can only be based on the supervisor's own acts or omissions. Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998) (citing Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997)).  Supervisory liability requires that: (1) there is a finding of subordinate liability; and (2) the supervisor's own action or inaction was affirmatively linked to the constitutional violation caused by the subordinate.  Id.  The affirmative link must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference."  Id. (quoting Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)).

To demonstrate deliberate indifference, a plaintiff must show: (1) a grave risk of harm; (2) defendant's actual or constructive knowledge of that risk; and (3) defendant's failure to take easily available measures to address the risk. Camilo Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998).  As such, "plaintiff must

CIVIL NO. 09-1923 (JP)          -7-

'affirmatively connect the supervisor's conduct to the subordinate's violative act or omission.'"   Id. (quoting Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 582 (1st Cir. 1994)).

In the instant case, the Court finds that Plaintiffs have failed to allege sufficient facts to raise a plausible claim of supervisory liability.   Twombly, 127 S. Ct. at 1974. In the instant case, Plaintiffs have again introduced mere conclusory allegations without any factual support. Id. at 1964-65. Plaintiffs allege that there is a code of silence within the Police Department and improper behavior on the part of Internal Affairs. However, Plaintiffs failed to allege any facts that would support said conclusions. Accordingly, the Court will dismiss the supervisory liability claims brought by Plaintiffs.

**IV.   CONCLUSION**

After considering the arguments, the Court **GRANTS** Defendants' partial motion to dismiss.  In accordance with this Opinion and Order, the Court will enter a separate partial judgment dismissing the Fourteenth Amendment, Fifth Amendment, conspiracy and supervisory liability claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of March, 2010.


                              s/Jaime Pieras, Jr.
                             JAIME PIERAS, JR.
                        U.S. SENIOR DISTRICT JUDGE