IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. IGARTÚA, et al.,

Plaintiffs

v.

PEDRO TOLEDO, et al.,

Defendants

CIVIL NO. 09-1923 (JP)

**OPINION AND ORDER**

Before the Court are Defendants' motion for judgment on the pleadings (**No. 27**), Plaintiffs' opposition (No. 32), and Plaintiffs' motion for leave to file an amended complaint (**No. 31**). For the reasons stated herein, Defendants' motion is **MOOT** and Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART.**

**I. FACTUAL ALLEGATIONS**

Plaintiffs in this case are Carmen Igartúa ("Igartúa") and Paul Preston ("Preston"). Plaintiffs allege that, on or about September 15, 2008, Defendants Carlos Sánchez-Peña, Jorge Padilla-Ramos, Juan Pacheco-Santiago, Luz Torres-González, Blanca Román-Correa, and Juan Colón-Ríos illegally entered their home. While at said home, the above mentioned Defendants, who are all police officers, allegedly assaulted and battered Igartúa. They allegedly punched, kicked and beat Igartúa with their nightsticks, and also failed to intercede in the attack on Igartúa. Defendants

also allegedly later submitted false accusations against Plaintiffs and arrested them.

Plaintiffs then filed the instant complaint on September 13, 2009 against Defendants in their individual capacities.

**II. LEGAL STANDARD FOR A JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

"The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005) (quoting Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)). To survive a motion for judgment on the pleadings, the complaint must plead facts that raise a right to relief above the speculative level. Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 49 n.3 (1st Cir. 2009).

**III. ANALYSIS**

Defendants argue that: (1) the claims against José Rodríguez and Blanca Román should be dismissed because said Defendants only appear in the caption of the complaint and because no allegations are made

regarding said Defendants in the complaint; and (2) the claims brought by Plaintiff Preston for excessive force should be dismissed because there are no allegations in the complaint supporting a finding of excessive force against said Plaintiff. Plaintiffs oppose the motion and have also submitted a separate motion to amend the complaint. The Court will now consider the parties' arguments.

**A. Claims Against Defendants José Rodríguez and Blanca Román**

In their opposition, Plaintiffs admit that there are no specific allegations as to Defendants José Rodríguez and Blanca Román. They state that said omission was a mistake and, in a separate motion, request leave to correct the mistake by amending the complaint. Along with said motion, Plaintiffs have attached a copy of the amended complaint. Plaintiffs' argue that the amended complaint would cure the deficiencies regarding Defendants José Rodríguez and Blanca Román.

Under FRCP 15, a Plaintiff can amend its complaint "once as a matter of course within" the deadlines set by the federal rules. See Fed. R. Civ. P. 15(a)(1). "In all other cases, a [Plaintiff] may amend its [complaint] only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). Leave should be given freely "when justice so requires." Id. In this case, Plaintiffs are requesting leave of Court to amend the complaint.

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for leave to amend the complaint. This Court has a preference for

resolving disputes on the merits. Dismissing the complaint against the two Defendants because Plaintiffs mistakenly omitted them from the specific allegations would run counter to this Court's preference for resolving disputes on the merits. Furthermore, Defendants would suffer no prejudice from allowing the amendments because this case is at such an early stage in the proceedings.

However, the Court will not allow Plaintiffs to submit the complaint tendered because said complaint is still listing claims and Defendants which are no longer in this case. As set out in the Amended Partial Judgment (No. 26), the only claims pending before this Court are the 42 U.S.C. § 1983 claims under the Fourth Amendment against Defendants José Rodríguez, Carlos Sánchez, Jorge Padilla, Juan Pacheco, Luz Torres, Blanca Román, and Juan Colón.[1] Accordingly, Plaintiffs **SHALL** submit an amended complaint **on or before June 14, 2010** with only the claims that are still pending before this Court.

Also, in light of the Court's decision to allow Plaintiffs to amend the complaint, the argument by Defendants in their motion for judgment on the pleadings that there are no specific allegations as to Defendants José Rodríguez and Blanca Román is **MOOT**. The Court agrees with Plaintiffs that the amended complaint cures the deficiencies pointed out by Defendants.

---

1. In said Judgment, the Court dismissed: (1) Plaintiffs' Fifth Amendment, Fourteenth Amendment, and Conspiracy claims; and (2) Plaintiffs' claims against Defendants Pedro Toledo and PPR Supervisors John Doe 1-4.

**B. Plaintiff Preston's Excessive Force Claims**

In their opposition, Plaintiffs also concede that there are no allegations that Plaintiff Preston is the victim of excessive force. Plaintiffs explain that this is the case because Plaintiffs did not make any such claims in the complaint.

After considering the argument and examining the complaint, the Court agrees with Plaintiffs. The complaint brings no claims for excessive force on behalf of Plaintiff Preston. Instead, the complaint sets forth claims of excessive force on behalf of Plaintiff Igartúa. Accordingly, the Court determines that Defendants' request to dismiss the excessive force claims brought by Plaintiff Preston is **MOOT.**

## IV. CONCLUSION

The Court: (1) **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to amend the complaint (**No. 31**); and (2) **FINDS AS MOOT** Defendants' motion for judgment on the pleadings (**No. 27**). Plaintiffs **SHALL** submit an amended complaint **on or before June 14, 2010** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of June, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE